By the Court,
Garvin, J.
To entitle the plaintiffs to recover they must show negligence on the part of the defendants and a want of negligence on the part of the plaintiffs. Concurrent negligence defeats the action.
These principles have been adjudicated so frequently, and are so well settled that it cannot be necessary to go over the cases, but it will be sufficient to cite them.
Upon the questions of the defendants’ negligence, there is no pretense but that the engineer was fully awake to his duty and in the most ample manner performed it, in running the engine at a low rate of speed, with the brakes on, reversing his engine, ringing the bell and blowing the whistle. ■ The two first retarded the train, and the two last were a warning to the plaintiffs and all others, that there was danger in crossing the railroad «track. The train could not be stopped, at the *354 point of contact. The proof is that all was done that could he to stop the train, and that it was impossible. The engineer was also actuated by another motive besides that of duty; fear that contact with plaintiffs’ team would throw the locomotive from the track, and plunge the whole train off the drawbridge, which was only a short distance in advance. With these motives—safety for himself and passengers, duty-to his employers and the plaintiffs—it is not only probable but it is in proof that that all was .done that could be on the part of the defendants to avoid the collision. But it is said on the part of the plaintiffs that there was no flagman at the crossing, and this was negligence on the part of the defendants. It is conceded there was no flagman at the crossing. It must be conceded that none is required by law. So it must be conceded, on the evidence, that flagmen are solely and only' for guidance of those running the trains ; that flagmen are are not usually stationed at the crossings, but at dangerous places on the road; a white flag indicating the road to be clear, and a red flag a signal of danger—-that the train must stop. The great majority of road crossings have no flagmen. Flags are signals for the railroad men—nothing else. The want of a flagman at the crossing furnishes no evidence of negligence on the part of the defendants. It is not used for the public, but simply for the guidance of the engineer in case of an obstruction or other cause of danger, or that the road is clear. We must therefore hold, that upon the evidence, the proof was clear and undisputed that there was an entire want want of any negligence on the part of the defendants.
But we think, aside from this question in the case, the plaintiffs’ neglect contributed to the accident. This accident took place-in the day time ; the plaintiff saw the locomotive coming about 40 feet from him, and he was about the same distance from the track. He knew, therefore, the train was coming, and where the track was ; all he had to do was to stop his horse and he and his property was safe. It is not apparent how he could have ventured any nearer to the track than he *355 was, on discovery of the approaching train, unless he was guilty of the grossest negligence, or that his horse became unmanageable. One or the other must be true. Neither view of the case would entitle him to recover. Seeing the train when he himself was away forty feet from the railroad track, was actual notice the train was approaching ; so that with, or without a flagman, it was the plaintiffs' duty as a matter of ordinary care and prudence, to keep off the track. If he then recklessly drove on, he ought not to. recover; if he lost control of his horse, the defendants are not liable, and he cannot recover. The running of cars, at a high or low rate of speed is dangerous to the lives of the engineer and passengers, but it is sanctioned by law. It is also dangerous to persons crossing their track when the locomotive is in motion, near at hand ; but this does not make the use of locomotives or running trains of cars unlawful. It is well known that it is not possible to instantly stop a train of steam cars, propelled at an ordinary rate of speed, any more than if moving at an extraordinary rate of speed; yet it is perfectly legal to run trains of cars for the accommodation of passengers, and the carrying of freight. If one is injured in his person or property by a collision with engine or train, without proof of negligence on the part of the defendants, there can be no recovery. It is not enough to show an injury ; there must be proof of negligence, before there can be a recovery. There must also be an absence of negligence on the part of the plaintiff, to warrant a verdict in his' favor. These views bring us to a conclusion adverse to the plaintiffs. The judgment should be reversed, and a new trial' ordered, with costs to abide the event.